UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAM WELBEL, MICHAEL ARCHER, and DYLAN MACALUSO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHOUT! FACTORY, LLC,<br><br>Defendant. | Case No.: 1:24-cv-6426<br><br>Hon. Thomas M. Durkin |

DECLARATION OF FRANK S. HEDIN IN SUPPORT OF PLAINTIFFS' MOTION TO APPOINT INTERIM CLASS COUNSEL

I, Frank S. Hedin, declare under penalty of perjury, pursuant to 28 U.S.C. §1746 and based on my own personal knowledge, that the following statements are true:

1. I am the founding partner at the law firm Hedin LLP, formerly Hedin Hall. I previously served as law clerk to the Honorable William Q. Hayes, U.S. District Judge for the Southern District of California. I am a member in good standing of the Florida Bar and the State Bar of California. I am admitted in this matter *pro hac vice.* (ECF NO. 15).

2. Attached hereto as Exhibit A is a true and correct copy of the Firm Resume of Hedin LLP.

3. Hedin LLP was founded in 2018. Based in Miami, Florida, with offices in San Francisco, California, and Washington D.C., Hedin LLP focuses on consumer and data privacy class actions and has successfully prosecuted dozens of such matters in state and federal courts as court-appointed class counsel. *See e.g., Rivera et al. v. Google, LLC*, No. 2019-CH-00990 (Cir. Ct. Cook Cnty. Ill., Apr. 5, 2022) (class counsel in action alleging violations of Illinois's

Biometric Information Privacy Act ("BIPA"), obtained $100 million non-reversionary class settlement); *Schreiber et al. v. Mayo Foundation for Medical Education & Research*, No. 22-cv-00188 (W.D. Mich.) (counsel for class of consumers alleging defendant's sale, rental, and disclosure of mailing containing its subscribers' personal information in violation of Michigan's Preservation of Personal Privacy Action ("PPPA"), obtained $52.5 million non-reversionary class settlement with automatic payments (without the need to submit claim forms) to each of the approximately 67,000 class members); *Edwards v. Hearst Communications, Inc.*, 1:15-cv-09279-AT-JLC (S.D.N.Y.) (same, $50 million non-reversionary class settlement); *Kokoszki v. Playboy Enters., Inc.*, No. 19-cv-10302 (E.D. Mich.) (same, $3.8 million non-reversionary class settlement with automatic payments to all class members); *Pratt et al. v. KSE Sportsman Media, Inc.*, No. 21-cv-11404 (E.D. Mich.) (same, $9.5 non-reversionary class settlement with automatic payments to all class members); *Kain v. The Economist Newspaper NA, Inc.*, No. 21-cv-11807 (E.D. Mich.) (same, $9.5 million non-reversionary class settlement with automatic payments to all class members); *Strano v. Kiplinger Washington Editors, Inc.*, No. 21-cv-12987 (E.D. Mich.) (same, $6.8 million non-reversionary class settlement with automatic payments to all class members); *Moeller v. The Week Publications, Inc.*, No. 22-cv-10666 (E.D. Mich.) (same, $5 million non-reversionary class settlement with automatic payments to all class members); *Olsen, et al. v. ContextLogic Inc.*, No. 19CH06737 (Cir. Ct. Cook Cnty. Ill., Jan 7, 2020) (class counsel in action alleging violations of the of the federal Telephone Consumer Protection Act ("TCPA"), obtained $16 million non-reversionary class settlement); *Chimeno-Buzzi v. Hollister Co.*, No. 14-cv-23120 (S.D. Fla.) (same, $10 million non-reversionary class settlement); *Farnham v. Caribou Coffee Co., Inc.*, No. 16-cv-295 (W.D. Wisc.) (same, $8.5 million non-reversionary class settlement); *Benbow v. SmileDirectClub, Inc.*, No. 2020-CH-07269 (Cir. Ct. Cook Cnty.) (same,

$11.5 million class settlement); *Donahue v. Everi Payments, Inc., et al.*, No. 2018-CH-15419 (Cook Cnty., Ill. Cir. Ct.) (class counsel in action alleging disclosure of consumers' credit and debit card information on printed transaction receipts in violation of the federal Fair and Accurate Credit Transactions Act, obtained $14 million non-reversionary class settlement); *Owens, et al. v. Bank of America, N.A., et al.*, No. 19-cv-20614 (S.D. Fla.) (class counsel in action alleging improper overdraft fees in violation of state law, obtained $4.95 million non-reversionary class settlement with automatic payments to all class members); *Liggio v. Apple Federal Credit Union*, No. 18-cv-1059 (E.D. Va.) (same, $2.7 million non-reversionary class settlement); *In re Maxar Technologies Inc. Shareholder Litigation*, No. 19CV357070 (Cal. Sup. Ct., Santa Clara Cnty.) (class counsel in action alleging false and misleading statements to investors in violation of federal securities laws, obtained $36.5 million non-reversionary settlement for class); *Plymouth County Retirement System v. Impinj, Inc., et al.*, No. 650629/2019 (N.Y. Sup. Ct., N.Y. Cnty.) (same, obtained $20 million non-reversionary class settlement). Over the past five years alone, the firm has recovered over $400 million in all-cash relief for the classes it has represented. *See* Exhibit A.

4. Hedin LLP also regularly serves as class counsel or lead plaintiffs' counsel in class actions that implicate novel questions of first impression concerning the rights of consumers under relatively unknown state statutes, as well as the constitutional issues (standing and otherwise) that often arise during the prosecution of such matters in federal court. For example, in data-privacy class actions concerning publishers' disclosure of subscriber information—substantially the same conduct at issue in this case—Hedin LLP obtained groundbreaking decisions on two important issues under Michigan's Preservation of Personal Privacy Act ("PPPA"), Mich. Comp. Laws § 445.771 *et. seq*. that dramatically expanded the scope of the

statute and led to the recovery of meaningful relief for consumers throughout Michigan. *See id.* (citing *Horton v. GameStop Corp.*, 380 F. Supp. 3d 679 (W.D. Mich. 2018) (holding, despite prior district court decision to the contrary on the same issue, that the version of the PPPA in effect prior to its July 2016 amendment applied to claims filed after the amendment's effective date); *Lin v. Crain Commc'ns Inc.*, No. 19-11889, 2020 WL 248445, at *4 (E.D. Mich. Jan. 16, 2020) (holding that Michigan-based publishers may be held liable for disclosing the data of all of their subscribers, even those outside Michigan)).

5. The firm also obtained several noteworthy victories for consumers on issues of first impression in litigation against Google and Shutterfly under Illinois' Biometric Information Privacy Act ("BIPA"), opening doors for consumers throughout the state to recover relief under the statute. *See e.g.*, *Norberg v. Shutterfly, Inc.*, 152 F. Supp. 3d 1103 (N.D. Ill. 2015) (holding that scans of face geometry collected from photographs constitute "biometric identifiers" within the meaning of BIPA); *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088 (N.D. Ill. 2017) (holding that neither the presumption against extraterritoriality nor the dormant commerce clause bars BIPA's application to the collection of Illinoisans' biometrics from devices within Illinois); *Monroy v. Shutterfly, Inc.*, 2017 WL 4099846, at *8 n.5 (N.D. Ill. Sept. 15, 2017) (holding that the nonconsensual collection of a scan of face geometry, a bare violation of BIPA, is a concrete and particularized injury sufficient to confer Article III standing)).

6. The firm also previously served as class counsel or plaintiffs' counsel in securities class actions in state and federal courts throughout the country. *E.g.*, *In re Menlo Therapeutics Inc. Sec. Litig.*, No. 18CIV06049 (Cal. Super. Ct., San Mateo Cty.) (class settlement on behalf of IPO investors finally approved); *In re EverQuote, Inc. Secs. Litig.*, No. 651177/2019 (N.Y. Supreme, N.Y. Cty.) (class settlement on behalf of IPO investors finally approved); *Plymouth*

*Cty. Ret. Sys. v. Impinj, Inc., et al.*, No. 650629/2019 (N.Y. Super. Ct., N.Y. Cty.) (co-lead counsel for plaintiff class of investors asserting Securities Act claims arising from initial and secondary public offerings).

7. The firm also frequently represents indigent litigants on a *pro bono* basis. *E.g.*, *Groover v. U.S. Corrections, LLC, et al.*, No. 15-cv-61902-BB (S.D. Fla.) (representing plaintiff and putative class against country's largest private prisoner extradition companies in Section 1983 civil rights action alleging violations of the Eighth Amendment).

8. Hedin LLP has recently devoted much of its time to developing, investigating, and commencing the instant action and the various other cases that the firm's clients have brought against defendants for violating the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710. Months before filing the complaint, Hedin LLP began extensive pre-filing investigation of potential claims arising from various defendants' practices of sending consumers' subscription purchases and private viewing information to third parties through online tracking pixels and other tracking mechanisms hiding in the source codes of websites. The firm researched source code languages, what tracking pixels existed, how tracking pixels and other tracking technologies worked, and which companies included tracking pixels or other trackers on their websites. As part of our investigation, we worked with an expert in web design and digital marketing. We also investigated customer data brokerage practices including researching and locating customer data cards for sale or rent online. As a result, we developed the allegations in this case and on August 20, 2024, filed a complaint against Defendant in the Central District of California, *Archer, et. al. v. Shout! Factor, LLC*, 2:24-cv-7056-HDV (C.D. Cal.).

9. After performing this time-consuming work, and consulting with numerous consumers who expressed interest in prosecuting these claims, the firm was retained by Plaintiffs on behalf of themselves and all other proposed class members for violation of the VPPA.

10. Thus, prior to filing suit, Hedin LLP performed an extensive and time-consuming investigation into the conduct underlying Plaintiffs' claims. Specifically, Hedin LLP (i) researched numerous online trackers created by different technology companies, including learning how they operate, how to find them in website source code, and how to identify what information is being tracked and transmitted; (ii) retained a consulting expert and investigated Defendant's websites and their use of tracking technologies on those website, including parsing through Defendant's websites' source code; (iii) researched whether Defendant's use of tracking pixels violated the VPPA; (iv) communicated with and reviewed materials provided by numerous potential clients who interacted with and made purchases on Defendant's websites, in order to determine whether they were capable of adequately representing the interests of the proposed classes; (v) investigated the adequacy of the named Plaintiffs to represent the putative classes and executed engagement agreements to represent them in this matter; and (vii) prepared the Class Action Complaint in the *Archer* matter and the proposed Amended Class Complaint in this matter.

11. A significant amount of discovery ***must*** occur (and related motion practice will likely be necessary) prior to class certification and trial. Discovery in this matter will be complex, nuanced, and require substantial specialized knowledge and experience to perform effectively and efficiently. Hedin LLP's thorough investigation into the claims, as well as the firm's experience prosecuting prior similar matters will enable it to effectively build and prosecute this case on behalf of the Class, including in discovery and related motion practice.

12. My colleague Arun Ravindran has also been admitted *pro hac vice* as counsel for Plaintiffs in this matter (ECF No. 17) will assist in the prosecution of this matter. The attorneys at my firm's backgrounds are detailed in the attached Exhibit A.

13. Hedin LLP draws from a team of highly experienced attorneys dedicated to representing plaintiffs in complex class action litigation with extensive experience nationally, as well as a full team of non-lawyer professionals and support staff. The firm also has ample resources available to devote to investigation, the hiring of experts, and whatever else may be necessary to most effectively prosecute this action on behalf of the proposed Class. The firm's resources are not merely financial, but also include substantial expertise and work-product developed in other similar cases. Through its significant experience prosecuting complex class actions, Hedin LLP has developed significant relationships with industry experts, regulatory personnel, and settlement administration experts. If appointed to represent the Class, Hedin LLP will continue to commit the same resources and effort to this case as it has committed to other, successful class action litigations.

14. Additionally, Hedin LLP recognizes the importance of having a diverse group of attorneys work on behalf of its clients; more than half of the attorneys at Hedin LLP are members of underrepresented groups and we intend to employ a diverse group of attorneys to work on behalf of Class members in these matters.

15. Hedin LLP is well suited to continue representing the Plaintiffs and members of the proposed Class in this matter.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct. Executed this 25th day of October 2024, in Miami, Florida.

*/s/ Frank S. Hedin*
Frank S. Hedin

# EXHIBIT A



## FIRM RÉSUMÉ

  Based in Miami, Florida, and with offices in San Francisco, California and Washington, D.C., Hedin LLP represents consumers and investors in class actions in state and federal courts nationwide. Our firm prosecutes difficult cases aimed at redressing injuries suffered by large, diverse groups of people. Over the past six years alone, we have recovered hundreds of millions of dollars and other meaningful relief for the consumers and investors we have had the privilege to represent.

---

### Representative Matters

**Notable examples of our work on behalf of consumers include:**

- *Rivera, et al. v. Google LLC*, No. 2019-CH-00990 (Cir. Ct. Cook Cnty.) (class counsel in action alleging unauthorized collection of consumers' biometric data in violation of state statute, negotiated $100 million all-cash non-reversionary settlement for class)

- *Schreiber et al. v. Mayo Foundation for Medical Education & Research*, No. 22-cv-00188 (W.D. Mich.) (class counsel in action alleging unauthorized disclosure of consumers' purchase information in violation of state statute, negotiated $52.5 million all-cash non-reversionary settlement for class)

- *Olsen, et al. v. ContextLogic Inc.,* No. 2019CH06737 (Ill. Cir. Ct. Jan. 7, 2020) (class counsel in action alleging nonconsensual transmission of text messages to consumers' telephones in violation of federal law, negotiated $16 million all-cash non-reversionary settlement for class)

- *In re Everi Holdings, Inc. FACTA Litigation*, No. 18CH15419 (Ill. Cir. Ct. Jan. 7, 2020) (class counsel in action alleging unauthorized printing of excess digits of consumer card numbers on transaction receipts in violation of federal law, negotiated $14 million all-cash non-reversionary settlement for class)

# HEDIN LLP

- *Owens, et al. v. Bank of America, N.A., et al.*, No. 19-cv-20614 (S.D. Fla.) (class counsel in action alleging improper overdraft fees in violation of state law, negotiated $4.95 million settlement for class)

- *Liggio v. Apple Federal Credit Union*, No. 18-cv-1059 (E.D. Va.) (class counsel in action alleging improper overdraft fees in violation of state law, negotiated $2.7 million settlement for class)

- *Kokoszki v. Playboy Enterpises, Inc.*, No. 19-cv-10302 (E.D. Mich.) (class counsel in action alleging unauthorized disclosure of consumers' purchase information in violation of state statute, negotiated $3.8 million all-cash non-reversionary settlement for class)

- *Pratt et al. v. KSE Sportsman Media, Inc.*, No. 21-cv-11404 (E.D. Mich.) (class counsel in action alleging unauthorized disclosure of consumers' purchase information in violation of state statute, negotiated $9.5 million all-cash non-reversionary settlement for class)

- *Chimeno-Buzzi v. Hollister Co.*, No. 14-cv-23120 (S.D. Fla.) (class counsel in action alleging nonconsensual transmission of text messages to consumers' telephones in violation of federal law, negotiated $10 million all-cash non-reversionary settlement for class)

- *Farnham v. Caribou Coffee Co., Inc.*, No. 16-cv-295 (W.D. Wisc.) (class counsel in action alleging nonconsensual transmission of text messages to consumers' telephones in violation of federal law, negotiated $8.5 million all-cash non-reversionary settlement for class)

- *Kain v. The Economist Newspaper NA, Inc.*, No. 21-cv-11807 (E.D. Mich.) (class counsel in action alleging unauthorized disclosure of consumers' purchase information in violation of state statute, negotiated $9.5 million all-cash non-reversionary settlement for class)

- *Strano v. Kiplinger Washington Editors, Inc.*, No. 21-cv-12987 (E.D. Mich.) (class counsel in action alleging unauthorized disclosure of consumers' purchase information in violation of state statute, negotiated $6.8 million all-cash non-reversionary settlement for class)

- *Moeller v. The Week Publications, Inc.*, No. 22-cv-10666 (E.D. Mich.) (class counsel in action alleging unauthorized disclosure of consumers' purchase information in violation of state statute, negotiated $5 million all-cash non-reversionary settlement for class)

# HEDIN LLP

- *Benbow v. SmileDirectClub, Inc.*, No. 2020-CH-07269 (Cir. Ct. Cook Cnty.) (class counsel in action alleging nonconsensual transmission of text messages to consumers' telephones in violation of federal law, negotiated $11.5 million all-cash settlement for class)

**Notable examples of our work on behalf of investors include:**

- *In re Maxar Technologies Inc. Shareholder Litigation*, No. 19CV357070 (Cal. Sup. Ct., Santa Clara Cnty.) (class counsel in action alleging false and misleading statements to investors in violation of federal securities laws, negotiated $36.5 million all-cash non-reversionary settlement for class)

- *Plymouth County Retirement System v. Impinj, Inc., et al.*, No. 650629/2019 (N.Y. Sup. Ct., N.Y. Cnty.) (counsel in action alleging false and misleading statements to investors in violation of federal securities laws, negotiated $20 million all-cash non-reversionary settlement for class)

- *In re Altice USA, Inc. Sec. Litig.*, No. 711788 (N.Y. Sup. Ct., Queens Cnty.) (counsel in action alleging false and misleading statements to investors in violation of federal securities laws, negotiated $4.75 million all-cash non-reversionary settlement for class)

- *Plutte v. Sea Ltd.*, No. 655436/2018 (N.Y. Sup. Ct., N.Y. Cnty.) (counsel in action alleging false and misleading statements to investors in violation of federal securities laws, negotiated $10.75 million all-cash non-reversionary settlement for class)

- *In re Menlo Therapeutics Inc. Sec. Litig.*, No. 18CIV06049 (Cal. Sup. Ct., San Mateo Cnty.) (counsel in action alleging false and misleading statements to investors in violation of federal securities laws, negotiated $9.5 million all-cash non-reversionary settlement for class)



**Attorney Biographies**

**Frank S. Hedin**

      Frank S. Hedin, founder of the firm, is a member in good standing of the Florida Bar and the State Bar of California. Mr. Hedin received his Bachelor of Arts from University of Michigan and Juris Doctor, *magna cum laude*, from Syracuse University College of Law. After graduating from law school, he served for fifteen months as law clerk to the Honorable William Q. Hayes, United States District Judge for the Southern District of California. Prior to establishing the firm, Mr. Hedin was a partner at a litigation boutique in Miami, Florida, where he represented both plaintiffs and defendants in consumer and data-privacy class actions, employment-related collective actions, and patent and trademark litigation, and served as head of the firm's class action practice.

**Arun G. Ravindran**

      Arun G. Ravindran, a member in good standing of the Florida Bar and the New York State Bar, is an accomplished trial lawyer who has tried more than twenty federal cases to jury verdict. Mr. Ravindran received his Bachelor of Arts from Emory University, an Msc. from the London School of Economics, and his Juris Doctor from Emory University School of Law. After graduating from law school, he served as Captain and Judge Advocate in the United States Marine Corps, after which he served for one year as law clerk to the Honorable Patricia A. Seitz, United States District Judge for the Southern District of Florida. Following his clerkship, Mr. Ravindran served for nearly five years as an Assistant Federal Public Defender in the Southern District of Florida. Prior to joining Hedin LLP, Mr. Ravindran litigated commercial matters at a prominent Florida law firm.

**Elliot O. Jackson**

      Elliot O. Jackson, a member in good standing of the Florida Bar and the New York State Bar, received his Bachelor of Science, *cum laude*, from Fayetteville State University, his Juris Doctor, *cum laude*, from Florida A&M University College of Law, and an L.L.M in fashion law from Fordham University, where he graduated first in his class and received the Judy and Dennis Kenny Award. Prior to joining the firm, Mr. Jackson served for two years as law clerk to the Honorable Mary S. Scriven, United States District Judge for the Middle District of Florida.



**Tyler K. Somes**

Tyler K. Somes, a member in good standing of the State Bar of Texas and the District of Columbia Bar, received his Bachelor of Arts from The George Washington University and Juris Doctor, *with honors*, from The University of Texas School of Law. After graduating from law school, Mr. Somes worked at a prominent national law firm for several years, where he litigated complex antitrust, whistleblower, securities, and trade secrets matters. During a one-year hiatus from his prior firm, Mr. Somes served as law clerk to the Honorable Richard Wesley of the United States Court of Appeals for the Second Circuit.

**Julie E. Holt**

Julie E. Holt, a member in good standing of the Florida Bar, received her Bachelor of Arts in Economics, *summa cum laude*, from Columbia University and her Juris Doctor from Yale Law School. Prior to joining Hedin LLP, Julie Holt served as an Assistant Federal Public Defender in the Southern District of Florida for eight years. She is an experienced trial lawyer, having tried approximately 30 jury trials and numerous bench trials. In addition to her trial practice, she also represented clients on direct appeal, filing numerous petitions for writ of certiorari to the Supreme Court and arguing in the Eleventh Circuit Court of Appeals.

**Paula S. Buzzi**

Paula S. Buzzi, a member in good standing of the Florida Bar, received her Bachelor of Arts from The University of North Carolina and her Juris Doctor from Syracuse University College of Law. Prior to joining Hedin LLP, Ms. Buzzi was an attorney at a prominent national law firm where she represented commercial clients in transactional matters. At Hedin LLP, Ms. Buzzi's extensive transactional experience offers clients valuable, unique perspectives on case analysis, negotiation and strategy. Ms. Buzzi is a co-founder of the Argentinian-American Bar Association, and she has received a number of honors and distinctions throughout her career as an attorney, including numerous recognitions in leading legal publications.

---



**Firm Offices**

| **Miami, Florida** | **San Francisco, California** | **Washington, D.C.** |
|---|---|---|
| 1395 Brickell Avenue<br>Suite 610<br>Miami, FL 33131 | 535 Mission Street<br>14th Floor<br>San Francisco, CA 94105 | 1100 15th Street NW<br>Suite 04-108<br>Washington, D.C. 20005 |

HEDIN LLP
1395 Brickell Avenue • Suite 610
Miami, Florida 33131-3353
(305) 357-2107 • www.hedinllp.com