IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAM WELBEL, MICHAEL ARCHER, and DYLAN MACALUSO, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SHOUT! FACTORY, LLC, <br><br> Defendant. | Case No.: 1:24-cv-06426 <br><br> Hon. Thomas M. Durkin |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING RULING ON FORTHCOMING MOTION TO DISMISS**

Defendant's Motion to Stay should be denied. Stays are the exception, not the rule, and Shout! Factory, LLC has not met its burden to justify a stay. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("the suppliant for a stay must make out a clear case of hardship or inequity"). Moreover, Defendant did not request a stay of discovery; it moved for a stay of the case in its entirety. Doc. 35. Yet, Defendant failed to provide any support for why following standard procedures under the Federal Rules will be especially burdensome or inappropriate.

Defendant's only argument is that because its motion to dismiss challenges "threshold issues," the Court should grant an across-the-board stay. Doc. 36 at 1. Even when addressing mere discovery stays, Courts in this district regularly find "this argument unpersuasive because this is true anytime a dispositive motion is filed and granting a stay of discovery upon the filing of a motion to dismiss would 'allow the exception to swallow the rule.'" *Harper v. Central Wire, Inc.*, No. 19-cv-50287, 2020 WL 5230746, at *2 (N.D. Ill. Sept. 2, 2020). "Allowing a stay of discovery where a party asserts that dismissal is likely would require the Court to make a

1

preliminary finding of the likelihood of success on the motion to dismiss, effectively circumventing the procedures for the resolution of such motion." *Robinson v. Walgreen Co.*, No. 20-cv-50288, 2021 WL 2453069, at *3 (N.D. Ill. June 16, 2021). "Courts frequently decline to engage in this sort of analysis when deciding a motion to stay discovery." *Id.* at 2. The current circumstances do not necessitate any stay.

Defendant's arguments for dismissal are far from slam dunks—the weight of authority in VPPA class actions rejects the standing and constitutional arguments raised in Defendant's Brief in Support of its Motion to Stay. Doc. 36 at 3-5. Plaintiffs will respond more fully to these arguments in their opposition to Defendant's Motion to Dismiss. But the fact that Defendant thinks its Motion to Dismiss is meritorious is insufficient to necessitate a stay. If it were, the Federal Rules of Civil Procedure would expressly mandate such a stay.

A stay will unjustly burden Plaintiffs in numerous ways. First, Plaintiffs seek injunctive relief to prevent Defendant from engaging in the privacy violations alleged in the complaint. Doc. 20 at 15. Even if Defendant agrees to turn off the tracking technologies involved momentarily, an injunction is necessary to prevent Defendant from turning the technologies back on. Second, in this putative class action, any delay harms absent class members because it becomes more challenging to locate class members as time passes. Third, electronic discovery, whether sought from Defendant or third parties, tends to degrade or disappear with time. Finally, any delay prejudices Plaintiffs and the putative class as the value of monetary recoveries decreases over time. If Defendant has specific objections, the parties can handle them in the context of a discovery dispute. Plaintiffs need to move forward with the Rule 26(f) conference to start the discovery process.

Shout! Factory, LLC is not exempt from the Federal Rules of Civil Procedure. It has not presented a valid justification to forestall engaging in a Rule 26(f) conference, submitting a proposed discovery schedule to the Court, and proceeding with discovery. For the reasons stated herein, Plaintiffs respectfully request that this Court deny Defendant's Motion. Doc. 35.

Plaintiffs filed this case last summer and further delay is not warranted.

## BACKGROUND

On July 25, 2024, Plaintiff Sam Welbel filed this case against Defendant for violating the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710. Doc. 1. The Complaint alleges that Defendant violated this federal statute by disclosing its consumers' personally identifiable information and purchased video media to third parties, including Facebook and Zigpoll. Doc. 1. Plaintiff filed a First Amended Complaint ("FAC") on October 28, 2024. Doc. 20. The FAC added two named plaintiffs, but did not change the substance of the allegations. *Id.* At Defendant's request, Plaintiffs agreed to stay case deadlines while discussing a potential resolution. Doc. 12. The Court granted a stay of deadlines for 60 days. Doc. 13. Defendant then requested a second stay, to which Plaintiffs agreed, to facilitate Defendant's schedule for mediation. Docs. 23, 24.

Ultimately, efforts to resolve the case at mediation were unsuccessful and the Court set Defendant's deadline to respond to the FAC as March 12, 2025. Docs. 33, 34. The Court also set a deadline of March 26, 2025, for the parties to submit a joint status report with a proposed discovery schedule. Doc. 34. On February 27, 2025, Defendant filed a motion asking for an additional stay of undetermined length. Doc. 35. Further, Defendant's Motion seeks a comprehensive stay—not merely a stay of discovery. Docs. 35, 36 at 5.

3

**LEGAL STANDARD**

Although "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants[,] [h]ow this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. The party requesting a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.* at 255.

"The mere filing of the motion does not automatically stay discovery. Nor does it mean that a court will automatically grant a stay under Rule 26(c) simply because a defendant asks for one." *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) (internal citation omitted). "There is no requirement that discovery cease during the pendency of a motion to dismiss." *Robinson*, 2021 WL 2453069, at *1. "In determining whether to grant a stay, the court may consider the following factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *Id.* "The party seeking a stay bears the burden of proving that the court should exercise its discretion in entering the stay." *Id.*

**ARGUMENT**

**A.     A stay will prejudice and disadvantage Plaintiffs.**

Despite Defendant's broad assertion that "no party would be prejudiced by the stay," granting the requested stay in this case would unduly prejudice Plaintiff. Doc. 36 at 4; *Robinson*, 2021 WL 2453069, at *2. "While a simple delay alone would not necessarily cause undue

4

prejudice or be tactically disadvantageous" to Plaintiff, a further stay in this case would be unduly prejudicial. *See Robinson*, 2021 WL 2453069, at *2 (The court found "evidence that a second stay in th[e] case would be prejudicial" and found that "[g]iven that Defendant has already benefited from a stay, the Court acknowledges that another stay extending the case even further would be prejudicial to Plaintiffs' ability to develop its case."). Almost eight months after Plaintiffs filed the initial complaint, a stay creates real and tangible harm. If the Court grants another stay, Plaintiffs will be unable to initiate discovery indefinitely, even though the original complaint was filed in July of 2024. Doc. 1. This extended delay severely hampers Plaintiffs' ability to investigate the facts and prepare their case in a timely manner.

Furthermore, granting an additional stay heightens the risk of losing critical discoverable information. Electronic data is particularly vulnerable to loss or destruction, especially in privacy-related cases like this one, because it is common for data to get deleted, as "autodelete settings…automatically delete regularly created electronic data at regular time intervals" and "are widely used in many applications for various practical or business purposes unrelated to litigation." *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F.Supp.3d 839, 932 (N.D. Ill. 2021); *see also Sonrai Systems, LLC v. Romano*, No. 16-cv-3371, 2021 WL 1418405, at *10-11 (N.D. Ill. Jan. 20, 2021) (an example where defendant failed to take reasonable steps to preserve electronically stored information, resulting in the loss of significant data). While Plaintiffs are unaware of the exact evidence in Defendant's possession since the parties are yet to hold their Rule 26(f) conference, there is always a legitimate concern that this evidence could be deleted or destroyed inadvertently or accidentally before it can be obtained.

Additionally, Plaintiffs seek injunctive relief to prevent Defendant's systematic collection and sharing of PII of consumers on Defendant's website to Facebook or Zigpoll. Doc. 20. Courts

acknowledge that seeking injunctive relief can be a time-sensitive mattter. *See, e.g.*, *Rodriguez v. Ford Motor Co.*, No. 21-cv-2553, 2022 WL 704780, at * (N.D. Ill. Mar. 9, 2022) (Durkin, J.) (citing the lack of injunctive relief as a factor weighing in favor of granting a stay of discovery). Without a Court order, Defendant may continue to commit the privacy violations alleged in the FAC. Doc. 20.

An indefinite stay will also prejudice Plaintiffs and the putative class because it becomes more challenging to locate and notify putative class members over time. *See Abante Rooter & Plumbing Inc. v. Nationwide Mut. Ins. Co.*, No. 17-CV-03328-EMC, 2018 WL 573576, at *3 (N.D. Cal. Jan. 26, 2018). This is often a defense raised by defendants when opposing motions for class certification. Plaintiffs need to move forward to protect the interests of absent class members.

Granting Defendant's motion would not merely delay proceedings; it would actively prejudice Plaintiffs and the putative class by hindering their ability to collect necessary evidence, risking the loss of key documents and data, diminishing the value of statutory damages and recovery over time, and obstructing their pursuit of timely injunctive relief.

      **B.**    **The requested stay will not simplify the issues or streamline trial.**

Defendants argue that a stay of discovery will simplify the issues because their motion will raise potentially dispositive deficiencies, but courts in this district regularly find "this argument unpersuasive because this is true anytime a dispositive motion is filed and granting a stay of discovery upon the filing of a motion to dismiss would 'allow the exception to swallow the rule.'" *Harper*, 2020 WL 5230746, at *2; *see also Witz v. Great Lakes Educ. Loan Serv.*, 2020 WL 8254382 ("A stay until resolution of the motion to dismiss—which is potentially dispositive of Plaintiff's claims—would certainly simplify matters, but the factor is entitled to

little weight."). "Allowing a stay of discovery where a party asserts that dismissal is likely would require the Court to make a preliminary finding of the likelihood of success on the motion to dismiss, effectively circumventing the procedures for the resolution of such motion." *Robinson*, 2021 WL 2453069, at *3; *See also Builders Assn of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996) ("[A] motion to stay discovery will not be granted every time a potentially dispositive issue is placed before the court.") "Courts frequently decline to engage in this sort of analysis when deciding a motion to stay discovery." *Robinson*, 2021 WL 2453069, at *3.

Defendant advances merit-based arguments regarding their forthcoming motion to dismiss. However, these arguments are unrelated to the specific issue of whether a stay of discovery is warranted at this stage. Notably, Defendants acknowledge that "[t]o date, no appellate court has addressed this issue, nor have any district courts within the Seventh Circuit." Doc. 36. This admission undermines the premise of their request for a stay, as it highlights the lack of precedent or clear guidance in support of their motion. Defendant's claim that their motion to dismiss will be successful is speculative at best and unsupported by definitive legal authority. Defendant failed to cite a single VPPA case supporting its standing argument despite the prevalence of VPPA litigation. Doc. 36 at 3-4. Courts should not incentivize defendants to include weak standing arguments in motions to dismiss just to secure a stay and delay litigation. Defendant did not explain how a stay would simplify issues or streamline trial beyond the general argument that it believes it could prevail on its motion to dismiss.

### C. A further stay will not reduce the burdens of this litigation.

Defendants have failed to demonstrate that allowing discovery to proceed would be unduly burdensome. "Courts in this circuit find that broadly decrying the time and expense that

is expected to be associated with responding to discovery, without any substantiation, does not establish good cause for staying discovery." *Robinson*, 2021 WL 2453069, at *3; *see also Harper v. Cent. Wire, Inc.*, 2020 WL 5230746, at *4. Here, as in *Robinson* where the motion to stay was denied, "[d]efendant has not provided any estimate of the cost associated with responding to the discovery, nor do they provide an affidavit or other support for their allegation of undue burden." *Robinson*, 2021 WL 2453069, at *3. Instead, Defendant merely asserts that "the Parties and the Court would waste significant resources if this case moves into discovery before resolution of these threshold issues and the motion to dismiss subsequently is granted." Doc. 36. This boilerplate language does not suffice. Defendant provides no estimated cost, affidavits, or other support for this allegation of undue burden. This unsupported statement does not satisfy the legal standard for demonstrating undue burden.

If Defendant believes that specific discovery requests are overly broad and unduly burdensome, that is an issue for after discovery is served. Currently, Plaintiffs haven't even been able to issue discovery because Defendant does not want to engage in a Rule 26(f) conference.

Plaintiffs anticipate that discovery in this case will include relatively straightforward electronic discovery, which is neither inherently complex nor burdensome. Defendant's motion fails to explain why discovery would be particularly difficult or costly in this case. Defendant has not described the scope or scale of the discovery process, nor have they provided any specific details to show that discovery would impose a heavy burden. Instead, Defendant offers only vague, generalized claims. Defendant cannot cure this omission in its reply brief. *See Zylstra v. DRV, LLC*, 8 F.4th 597, 609 (7th Cir. 2021). Defendant had the opportunity to provide specific details about the alleged burden in their initial motion but failed to do so. In the present case,

there is no burden that would support a deviation from the normal course and justify a complete pause of proceedings.

## CONCLUSION

Plaintiffs respectfully request that the Court deny Shout! Factory, LLC's motion to stay in its entirety.

Dated: March 13, 2025

Respectfully submitted,

*/s/ Jeremiah W. Nixon*
Anthony G. Simon (6209056)
Jeremiah W. Nixon (6319401)
**THE SIMON LAW FIRM, P.C.**
1001 Highlands Plaza Drive, Suite 300
St. Louis, Missouri 63110
Telephone: (314) 241-2929
Facsimile: (314) 241-2029
asimon@simonlawpc.com
jnixon@simonlawpc.com

Frank S. Hedin
**HEDIN LLP**
1395 Brickell Avenue, Suite 610
Miami, FL 33134
Phone: (305) 357-2107
Fax: (305) 200-8801
fhedin@hedinllp.com

*Attorneys for Plaintiffs and the Class*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all Counsel of Record.

*/s/ Jeremiah W. Nixon*