**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SAM WELBEL, MICHAEL ARCHER, and DYLAN MACALUSO, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SHOUT! FACTORY, LLC, <br><br> Defendant. | No.: 1:24-cv-06426 <br><br> Hon. Thomas M. Durkin |

**DEFENDANT SHOUT! FACTORY, LLC'S REPLY IN SUPPORT OF ITS MOTION TO STAY PENDING RULING ON FORTHCOMING MOTION TO DISMISS**

Plaintiffs' opposition ("Opposition") (ECF 44) entirely misses the point: where a motion to dismiss can resolve a threshold issue, like the 12(b)(1) standing challenge in Shout's motion to dismiss (ECF 35), a stay is appropriate.

Numerous cases have recognized that it is a compelling reason to stay a case pending ruling on threshold jurisdictional issues. (*See* Shout's Brief, ECF 36 at p. 4-5). *See also Aland v. U.S. Dep't of the Interior*, No. 22-CV-5821, 2022 WL 18027569, at *4 (N.D. Ill. Dec. 30, 2022), aff'd sub nom. *Aland v. U.S. Dep't of the Interior*, No. 23-2415, 2024 WL 2036115 (7th Cir. May 8, 2024) ("To avoid the cost and burden of potentially unnecessary discovery, courts frequently stay discovery pending a motion to dismiss the complaint where the motion to dismiss can resolve a threshold issue such as jurisdiction, standing, or qualified immunity[.]"); *Sparger-Withers v. Taylor*, 2022 WL 1185747, at *2 (S.D. Ind. Apr. 21, 2022) ("The defect cited in the motion to dismiss, lack of standing, is a 'threshold' issue that justifies granting a stay."); *Saeed & Little, LLP v. Casey*, No. 1:23-

CV-01647-RLY-KMB, 2024 WL 3678203, at *2 (S.D. Ind. Aug. 5, 2024) ("Jurisdiction is precisely the type of issue raised in a motion to dismiss that courts have found warrants a stay of discovery[.]"); *DeBoard v. BH Urb. Station, LLC*, No. 1:22-CV-02160-RLY-KMB, 2023 WL 1363346, at *2 (S.D. Ind. Jan. 30, 2023) ("Standing is precisely the type of issue raised in a motion to dismiss that courts have found warrants a stay of discovery.").

As the cases cited by Shout make clear, it is critical for the court to determine whether it has jurisdiction before allowing a case to move forward because there is no constitutional power to preside over a case where Plaintiff lacks standing. If there is no jurisdiction, this case will be dismissed and no discovery will be proper. *See Aland*, 2022 WL 18027569, at *4 ("[A] federal court acting without subject-matter jurisdiction violates federalism and separation-of-powers principles underlying our constitutional system. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (cleaned up).

Plaintiffs do not even address these cases. Instead, Plaintiffs cite a hodgepodge of authorities involving 12(b)(6) pleading challenges rather than threshold issue challenges, such as standing under 12(b)(1). *See Harper v. Central Wire, Inc.*, No. 19-cv-50287, 2020 WL 5230746, at *2 (N.D. Ill. Sept. 2, 2020) ("Despite Defendants' use of the term 'threshold issue' in reference to their motions to dismiss, the issues they raise in those motions do not constitute threshold issues as defined by courts in this district."). In fact, Plaintiffs actually cite cases finding stays appropriate ***even without*** threshold issues raised in the motions to dismiss. *See Robinson*, 2021 WL 2453069, at *2 (granting partial stay with "focused discovery" pending resolution of the defendant's 12(b)(6) motion); *Rodriguez v. Ford Motor Co.*, No. 21-cv-2553, 2022 WL 704780, at *2 (N.D. Ill. Mar. 9,

2022) (Durkin, J.) (granting stay pending defendant's 12(b)(6) motion). Here, Shout is challenging standing and thus the Court's authority to hear this case, meaning a stay is even more appropriate here than in *Robinson* and *Rodriguez*. It would be unfairly prejudicial to Shout to be forced to participate in discovery before a determination as to whether this Court has jurisdiction to hear this case at all.

Plaintiffs do not dispute the stay is likely to be of short duration while the court decides Shout's motion to dismiss, which is scheduled to be fully briefed by April 11, 2025. (ECF 43.) And Plaintiffs admit that a simple delay would not cause prejudice or be tactically disadvantageous to them. (Opp at 4-5.) Additionally, Plaintiffs and Shout ***jointly*** moved to stay this case on September 9, 2024 for 60 days pending settlement discussions (ECF 12), and then ***jointly*** moved to extend the stay on November 11, 2024 so that the parties could participate in mediation. (ECF 23.)[1] Plaintiffs nonetheless advance several arguments that a brief stay will "unjustly burden" them, none of which have merit.

Plaintiffs first argue that they are seeking injunctive relief and that "injunctive relief can be a time-sensitive matter." (Opp. at 5-6.) But the mere fact that Plaintiffs seek injunctive relief is not grounds to deny a stay. And if time were truly of the essence, Plaintiffs would have moved for a temporary restraining order and preliminary injunction and would not have twice jointly requested prior stays in this case. They cannot now argue that time is of the essence. Moreover, Plaintiffs will not obtain injunctive relief between now and the Court's ruling on Shout's motion to dismiss. In any event, Shout represents

---

[1] Mediation could not be completed until late January because Plaintiffs' counsel insisted on using certain mediators, who were not available for mediation until that timeframe.

that it has already removed Facebook and Zigpoll from its website and has no intention to resume using them.

Plaintiffs' citation to Judge Durkin's opinion in *Rodriguez v. Ford Motor Co.*, No. 21-cv-2553, 2022 WL 704780 (N.D. Ill. Mar. 9, 2022), does not help their position. Like the plaintiff in *Rodriguez,* Plaintiffs do not seek "immediate injunctive relief," have "not identified any witnesses or documents that will be lost or no longer discoverable if discovery is stayed," and would face "no prejudice" from a stay. *Rodriguez*, 2022 WL 704780 at *1. Plaintiffs offer nothing more than "the general prejudice of waiting for the Court to rule on the motion to dismiss," which "is not a reason to deny the stay." *Id*. at *2.

Next, Plaintiffs argue that "it becomes more challenging to locate class members as time passes" and that "electronic discovery . . . tends to degrade or disappear with time." (Opp. at 2.) But Plaintiffs offer no explanation for why it would become more difficult to locate putative class members, or why electronic discovery would "degrade or disappear" during a brief stay. And again, Plaintiffs have twice jointly requested prior stays in this case, so they cannot now argue a brief stay will be prejudicial or disadvantageous. Additionally, Shout has a litigation hold in place and the briefing on Shout's motion to dismiss will be completed in less than a month. Plaintiffs' generalized and unsubstantiated concerns about witnesses and electronic discovery are no reason to deny a stay.

Plaintiffs also argue that "any delay prejudices Plaintiffs and the putative class as the value of monetary recoveries decreases over time." (Opp. at 2.) But Plaintiffs' argument that they want money faster improperly presumes they are going to prevail and be entitled to monetary compensation—which is far from certain given that this case is at the pleading stage and being vigorously defended by Shout.

Plaintiffs' gripe that Shout requested a stay of the case in its entirety versus a stay of discovery is puzzling. (Opp. at 1.) Aside from completing briefing on the motion to dismiss, Shout is not aware of any case events that would be occurring in the short term aside from discovery, and Plaintiff has not identified any either.

Though Plaintiffs label Section B of their argument, "The requested stay will not simplify the issues or streamline trial," they do not actually address that issue and instead merely repeat the general principle that filing a motion to dismiss does not automatically warrant staying the case. (Opp. at 6.) Plaintiffs completely avoid addressing that Shout has raised the **threshold issue** of standing. If Plaintiffs lack standing, then this Court lacks jurisdiction, and the case will be disposed of entirely. *See Sparger-Withers*, 2022 WL 1185747, at *2 ("The prospect of the pending motion to dismiss resolving this case in its entirety is higher than a motion to dismiss that raises several dispositive legal issues but does not raise any 'threshold' issues such as standing, jurisdiction, or qualified immunity.").

Plaintiffs' argument that "a further stay will not reduce the burdens of this litigation" is likewise unconvincing. Plaintiffs point to *Robinson v. Walgreen Co.*,[2] attempt to impose their own "legal standard for demonstrating undue burden," claiming that Shout was required to provide "estimated cost, affidavits, or other support for this allegation of undue burden." (Opp. at 8.) The *Robinson* case involved a 12(b)(6) factual challenge, not threshold legal issues, meaning the instant case is even more appropriate for a stay. Tellingly, the motion to stay in *Robinson* was granted in part, not outright denied as Plaintiffs misleadingly claim, meaning the submission of "estimated cost,

---

[2] No. 20-cv-50288, 2021 WL 2453069, at *3 (N.D. Ill. June 16, 2021).

affidavits, or other support" is not required, as Plaintiffs misleadingly claim. *See Robinson*, 2021 WL 2453069, at *4.

## CONCLUSION

Defendant respectfully requests that this Court stay this case pending ruling on Defendant's Rule 12(b)(1) and (6) motion to dismiss, including staying any obligation to engage in a Rule 26(f) conference or submit a proposed discovery schedule to the Court. As discussed above and in Defendant's opening brief, the significant threshold issues of standing and constitutionality should be resolved before the parties and the Court begin expending resources on costly discovery, and no party will be prejudiced by a brief stay.

Dated: March 20, 2025

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Bonnie Keane DelGobbo*
Joel C. Griswold
Bonnie Keane DelGobbo (6309394)
Katharine H. Walton
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 3700
Chicago, IL  60606-2859
Telephone: 312.416.6200
Facsimile: 312.416.6201
jcgrisold@bakerlaw.com
bdelgobbo@bakerlaw.com
kwalton@bakerlaw.com

*Attorneys for Shout! Factory, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 20, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all Counsel of Record.

                                        */s/ Bonnie Keane DelGobbo*