UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAM WELBEL, MICHAEL ARCHER, and DYLAN MACALUSO, individually and on behalf of all others similarly situated,<br><br>    *Plaintiffs*,<br><br>v.<br><br>SHOUT! FACTORY, LLC,<br><br>    *Defendant*. | Case No. 1:24-cv-06426<br><br>Hon. Thomas M. Durkin |

**UNITED STATES OF AMERICA'S**
**UNOPPOSED MOTION FOR EXTENSION OF TIME**

On March 12, 2025, Defendant Shout! Factory, LLC (Shout!) filed a Notice of Constitutional Question in this matter pursuant to Federal Rule of Civil Procedure 5.1(a)(1)(A). *See* ECF No. 42. In that Notice, Shout! states that its Motion to Dismiss Plaintiffs' Amended Complaint, *see* ECF No. 20, "questions the constitutionality of the federal Video Privacy Protection Act, 18 U.S.C. § 2710," and specifically argues "that the VPPA is an unconstitutional restraint on speech in violation of the First Amendment of the United States Constitution." ECF No. 42 at 1. Pursuant to the briefing schedule entered by this Court, *see* ECF No. 43, Plaintiffs filed their opposition to Shout!'s motion to dismiss on March 28, 2025, *see* ECF No. 47, and Shout!'s reply in support of its motion to dismiss is due by April 11, 2025. Also pending before this Court is Shout!'s motion to stay this matter pending the Court's ruling on its motion to dismiss. *See* ECF No. 35.

The United States is authorized to intervene in any federal court action in which the constitutionality of an Act of Congress is drawn into question. 28 U.S.C. § 2403(a). Counsel for

1

the United States respectfully advises the Court that the United States has not yet decided whether to intervene in this action to defend the constitutionality of the VPPA. The approval of the Solicitor General is required for the United States to intervene in an action to defend the constitutionality of a federal statute, *see* 28 C.F.R. § 0.21, and that approval process often takes several weeks.

Pursuant to Rule 5.1(c), the current deadline for the United States to intervene is May 12, 2025.[1] However, notice of this constitutional challenge only recently came to the attention of the component of the Department of Justice responsible for recommending to the Solicitor General whether intervention is warranted, including undersigned counsel. Accordingly, because the approval process often takes several weeks and in light of the press of other litigation in which the United States is a party, the United States respectfully requests that the Court extend by 45 days the deadline to decide whether to intervene for the limited purpose of defending the constitutionality of the VPPA, up to and including June 26, 2025. If the United States decides to intervene, it will be prepared to file its notice of intervention and accompanying memorandum in defense of the constitutionality of the statute no later than June 26, 2025.

The present extension is requested for good cause and is not intended to cause undue delay or otherwise prejudice any party. Undersigned counsel for the United States has conferred with counsel for all parties, who do not oppose this request for an extension of time. The United States has not previously requested any extension of time in this matter.

Date: April 8, 2025

                                                Respectfully submitted,

                                                YAAKOV M. ROTH
                                                Acting Assistant Attorney General
                                                Civil Division

---

[1] Because the last day of the 60-day period for intervention falls on a Sunday (May 11, 2025), the deadline is May 12, 2025. *See* Fed. R. Civ. P. 6(a)(1)(C).

LESLEY FARBY
Deputy Director
Civil Division, Federal Programs Branch

*/s/Cristen C. Handley*
CRISTEN C. HANDLEY (MO Bar No. 60114)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 305-2677
Email: cristen.handley@usdoj.gov

*Counsel for United States*