UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)
Eastern Division

Sam Welbel, et al.
                Plaintiff,

v.                                               Case No.: 1:24−cv−06426
                                                           Honorable Thomas M. Durkin

Shout! Factory, LLC
                Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, April 8, 2025:

        MINUTE entry before the Honorable Thomas M. Durkin: Defendant's motion to stay discovery pending resolution of the motion to dismiss [35] is granted. Defendant's motion to dismiss argues that the Court lacks subject matter jurisdiction in this case which is a threshold issue that justifies a stay of discovery. *See Aland v. U.S. Dep't of the Interior,* 2022 WL 18027569, at *4 (N.D. Ill. Dec. 30, 2022) ("To avoid the cost and burden of potentially unnecessary discovery, courts frequently stay discovery pending a motion to dismiss the complaint where the motion to dismiss can resolve a threshold issue such as jurisdiction, standing, or qualified immunity[.]"); *see also U.S. Cath. Conf. v. Abortion Rts. Mobilization, Inc.,* 487 U.S. 72, 7980 (1988) ("It is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters[.]"). Plaintiff argues that it will be prejudiced by a stay because: (1) the alleged harm will continue during the stay; (2) class members will become more challenging to locate over time; and (3) electronic discovery "tends to degrade or disappear." Plaintiff's first argument regarding ongoing harm might be a basis to seek a preliminary injunction, but it is not a basis to proceed with potentially unnecessary discovery. Second, the stay contemplated here will not be so long that it should affect the ability to locate class members. And third, Defendant has stated that it has implemented a litigation hold, so loss of discoverable materials in Defendant's possession is not a risk. If there is imminent risk that relevant discovery from third parties may be lost, Plaintiff can bring this issue to the Court's attention by motion, specifically identifying such risks, which Plaintiff did not do on this motion. Lastly, the Court notes that a stay of discovery is appropriate to learn whether the government will intervene, and if government does intervene, so the Court can hear the government's argument regarding the constitutionality of the statute at issue. Mailed notice. (ecw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and

criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.