UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAM WELBEL, MICHAEL ARCHER, and DYLAN MACALUSO, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br> v.<br><br>SHOUT! FACTORY, LLC,<br><br>     Defendant. | Case No. 1:24-cv-06426<br><br>Hon. Thomas M. Durkin |

**NOTICE OF SUPPLEMENTAL AUTHORITY
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiffs hereby give notice of the Opinion and Order in *Manza v. Pesi, Inc.*, No. 24-cv-00690-jdp, 2025 WL 1445762 (W.D. Wis. May 20, 2025), attached hereto as **Exhibit 1**, which supports the arguments Plaintiffs make in their Opposition to Defendant's Motion to Dismiss (ECF No. 47) and which was issued after briefing on the Motion to Dismiss closed.

The United States District Court for the Western District of Wisconsin denied a defendant's motion to dismiss based on, *inter alia*, the argument that the plaintiff's unique identifiers associated with their social media accounts (such as Facebook IDs), alleged to have been unlawfully disclosed by the defendant, do not qualify as "personally identifiable information" (PII) under the Video Privacy Protection Act (VPPA). *Manza v. Pesi, Inc.*, No. 24-cv-60090-jdp, 2025 WL 1445762, at *1 (W.D. Wis. May 20, 2025). The court held that "ID numbers uniquely associated with a specific customer qualify as PII under the VPPA when they are paired with the names of videos the customer obtained from the defendant." *Id.* at *9.

1

The Court rejected narrow interpretations of the "ordinary person" test for determining if disclosed information is PII—that is, whether an average person could identify the customer from the disclosed information. *Id.* at *7. The court criticized this standard as unclear guidance for video tape service providers, inviting speculation as to "what a hypothetical third party may do with the information it received." *Id*. Noting the loophole in VPPA coverage that this standard creates, the court explained:

> Under [Defendant's] view, a video tape service provider is free to disclose a customer's video purchases to social media companies, data brokers, or anyone else, even when the provider knows that the third party will be able to easily identify the customer, so long as the provider uses a "code" that an "ordinary person" could not decipher. It essentially allows a video tape service provider to "skirt liability under the VPPA ... by disclosing a unique identifier and a correlated look-up table."

*Id.* at *8 (internal citations omitted).

Reasoning that the VPPA's text does not restrict PII to information decipherable by an "ordinary person," the court adopted a broader view, consistent with decisions holding that PII includes data that can be used by anyone to identify a consumer's video-watching history, such as a Facebook ID.[1] *Manza*, 2025 WL 1445762, at *4. "If the rule were otherwise," the Court reasoned, "little if any information would be covered by the statute. Physical addresses, phone numbers, and Social Security numbers do not identify a person on their face, but they can be *used* to identify the person." *Id*.

To the extent Defendant relies—*See* ECF No. 53—on Second Circuit caselaw, including *Solomon v. Flipps Media, Inc.*, 136 F.4th 41 (2d Cir. 2025), to argue for a narrower interpretation of PII under the VPPA, *Manza* persuasively declines to adopt the "ordinary person" test applied in *Solomon*. *See Manza*, 2025 WL 1445762, at *7–8. Instead, *Manza* holds that the VPPA's text encompasses information that can be used to identify a person, not merely information that an

---

[1] *See e.g.*, *Yershov v. Gannett Satellite Information Network, Inc.*, 820 F.3d 482, 486 (1st Cir. 2016).

average person would recognize on its face. *Id.* at *4, *9. This broader interpretation aligns with the First Circuit's reasoning in *Yershov* and ensures that the VPPA cannot be easily circumvented through technical means that mask identity only from the lay public.

Dated: June 25, 2025

Respectfully submitted,

*/s/ Jeremiah W. Nixon*
Anthony G. Simon (6209056)
Jeremiah W. Nixon (6319401)
**THE SIMON LAW FIRM, P.C.**
1001 Highlands Plaza Drive, Suite 300
St. Louis, Missouri 63110
Telephone: (314) 241-2929
Facsimile: (314) 241-2029
asimon@simonlawpc.com
jnixon@simonlawpc.com

Frank S. Hedin
**HEDIN LLP**
1395 Brickell Avenue, Suite 610
Miami, FL 33134
Phone: (305) 357-2107
Fax: (305) 200-8801
fhedin@hedinllp.com

*Attorneys for Plaintiffs and the Class*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 25, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will provide electronic notification of such filing to all parties of record.

*/s/ Jeremiah W. Nixon*____